OPINION
Defendant, Ricky Van Cleve Bush, appeals from the trial court's judgment designating him a sexual predator.
As a result of anally raping a six year old boy, Ricky Bush pled guilty in 1992 to one count of Rape. R.C. 2907.02(A)(1)(b). Bush had previously been convicted in 1985 of negligent homicide. That offense involved consensual homosexual activity with an adult during which Bush choked his partner who died from auto erotic asphyxiation. The trial court sentenced Bush to nine to twenty-five years imprisonment for the 1992 rape offense.
On March 31, 2000, a sexual offender classification was held. The State presented several documents including the House Bill 180 screening instrument prepared by a probation officer, the sexual predator screening instrument prepared by authorities at Warren Correctional Institute, a summary report prepared by Ross Correctional Institute, the 1992 presentence investigation report, and the 1985 presentence investigation report. In addition, probation officer Mary Williams testified for the State. Bush did not present any testimony or documentary evidence at the hearing.
At the conclusion of the hearing the trial court found, based upon all of the evidence presented, clear and convincing proof that Bush is a "sexual predator." From that designation Bush has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT'S DECISION DESIGNATING APPELLANT A SEXUAL PREDATOR, AS DEFINED BY R.C. 2950.01(E), IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 SECOND ASSIGNMENT OF ERROR THE COURT ABUSED ITS DISCRETION IN DESIGNATING APPELLANT A SEXUAL PREDATOR.
In adjudicating Bush a sexual predator, the trial court must find by clear and convincing evidence that Bush has been convicted of or pled guilty to a sexually oriented offense, and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In 1992 Bush pled guilty to rape, a sexually oriented offense. R.C.2950.01(D)(1). Thus, the only remaining question is whether Bush is likely to engage in the future in additional sex offenses.
Bush argues that the trial court's finding that he is likely to reoffend in the future is against the manifest weight of the evidence. Bush also argues that because the trial court's finding is not supported by clear and convincing evidence, the trial court "abused its discretion" in finding that he is likely to reoffend in the future. We disagree.
 Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Cross v. Ledford (1954), 161 Ohio St. 469, 477.
A weight of the evidence argument challenges the believability of the evidence; which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996),Montgomery App. No. 15563, unreported. The proper test to apply to thatinquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172,175:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the factfinder lost its way. State v. Bradley (October 2, 1997), Champaign App. No. 97-CA-03, unreported.
An "abuse of discretion" connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980),62 Ohio St.2d 151.
This record demonstrates that in reaching its conclusion in this case the trial court considered all of the evidence presented. Some of that evidence favors Bush and militates against a finding that he is likely to reoffend in the future. This includes Bush's age, 33, the lack of any evidence that Bush has been diagnosed as a pedophile, and the lack of any evidence that Bush has had sexual contact with any children other than the victim of the 1992 rape.
Much of the evidence presented at the hearing, however, demonstrates a high risk for reoffending. In the 1992 rape case, while an overnight guest in his aunt's home, Bush held his six year old male cousin face down on the couch and anally raped him, stopping only because the child's mother caught him. The 1985 negligent homicide offense involved consensual homosexual activity during which Bush's adult partner died of audio-erotic asphyxiation because Bush choked him. Bush never expressed any remorse or concern for either of these victims.
At the time of the 1992 rape, Bush had a substance abuse problem involving both alcohol and drugs. Bush has never received any treatment for those problems. Neither has Bush received any treatment for his sexual offending behavior. The evidence presented at the hearing simply fails to demonstrate any rehabilitation of Bush. Moreover, Bush's homosexual activity in prison in violation of prison rules, while perhaps consensual, nevertheless suggests a lack of control and raises serious concerns about Bush's ability to control himself after he is released from prison.
The 1992 presentence investigation report indicates that Bush represents a considerable threat to society because the severity of his criminal activity appears to be escalating. That report also indicates that Bush appears to be developmentally handicapped. Bush now argues on appeal that no foundation was presented at the hearing to demonstrate the source or accuracy of this information, and thus this information is not "reliable hearsay" and should not have been considered by the trial court at the sexual predator hearing. Bush failed to timely object, however, when this evidence was introduced at the hearing. Thus, any error in its admission has been waived. More importantly, the other evidence presented at the hearing, even without consideration of this specific information from the 1992 presentence report, is sufficient to constitute clear and convincing proof that Bush is likely to reoffend in the future, and therefore is a sexual predator.
In reaching its conclusion the trial court considered all of the evidence presented, that which demonstrates a lower risk for recidivism as well as that which demonstrates a higher risk. In weighing that evidence the trial court determined that the evidence demonstrating a higher risk for recidivism outweighed the evidence demonstrating a lower risk, and established by clear and convincing proof that Bush is likely to engage in the future in additional sex offenses. On the record before us we cannot say that the trial court's decision was arbitrary, unreasonable or unconscionable, i.e. an abuse of discretion.
Neither can we say that in finding Bush to be a sexual predator the trial court lost its way, that the evidence weighs heavily against such a finding, or that a manifest miscarriage of justice has resulted. The trial court's designation of Bush as a sexual predator is not against the manifest weight of the evidence.
Both assignments of error are overruled. The judgment of the trial court will be affirmed.
 ___________________ GLASSER, J.
GRADY, P.J., and WOLFF, J., concur.
Hon. George M. Glasser, Retired from the Court of Appeals, Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.